**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| DENNIS M. O'HARA,<br><br>Petitioner,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE SERVICE and COMPTROLLER OF MARYLAND,<br><br>Respondents. | Civil Action No. TDC-14-4044 |

## MEMORANDUM ORDER

On December 31, 2014, Dennis M. O'Hara, who is self-represented, filed a Petition for Writ of Mandamus against the Commissioner of the Internal Revenue Service ("IRS") and the Comptroller of Maryland ("the Comptroller"). ECF No. 1. Pending before the Court is the United States' Motion to Dismiss, filed on behalf of the IRS. ECF No. 2. Also pending before the Court is O'Hara's Motion for Summary Judgment. ECF No. 5. The Court has reviewed the pleadings and briefs, and no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the United States' Motion to Dismiss is GRANTED, and O'Hara's Motion for Summary Judgment is DENIED AS MOOT.

## BACKGROUND

In his Petition, O'Hara requests that the Court grant declaratory relief and enjoin the IRS and the Comptroller from collecting unpaid taxes from him. In support, O'Hara cites the Declaratory Judgment Act, 28 U.S.C. § 2201 (2012), the Due Process of Clauses of the United States Constitution and the Maryland Declaration of Rights, criminal statutes relating to the

deprivation of federal rights under color of law, 18 U.S.C. §§ 241, 242 (2012), and various provisions of the Internal Revenue Code, *see, e.g.*, 26 U.S.C. §§ 6330, 7491 (2012). O'Hara also requests that the IRS and Comptroller remove "all data base entries" relating to his tax liability and "cease and desist" from the "false broadcast to Maryland administrative agencies that the petitioner has an uncontested tax liability." Pet. Writ Mandamus 11. O'Hara has also filed a Motion for Summary Judgment, in which he seeks the same relief under the theory that the IRS violated the Taxpayer Bill of Rights. Although neither defendant has been properly served, the United States has filed a Motion to Dismiss and Response to the Motion for Summary Judgment. Because the Comptroller of Maryland has not been served, the Motions are construed as relating to the claims against the IRS only.[1]

**DISCUSSION**

The IRS argues that Court should dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) because (1) it lacks subject matter jurisdiction over O'Hara's claims under the Anti-Injunction Act, 26 U.S.C. § 7421 (2012), and the Declaratory Judgment Act, 28 U.S.C. § 2201; (2) the Court lacks personal jurisdiction over the United States, Fed. R. Civ. P. 12(b)(2); and (3) there was insufficient service of process, Fed. R. Civ. P. 12(b)(5). As set forth below, the Court grants the Motion based on a lack of subject matter jurisdiction and therefore does not reach the remaining arguments.

[1] It is unclear whether the summonses O'Hara submitted to the Court were physically returned to O'Hara for service. Accordingly, the Court declines to address the argument that the Complaint should be dismissed for insufficient service of process, and it will send summonses back to O'Hara to allow him to serve the Comptroller of Maryland.

## I. Legal Standard

Because it is the plaintiff who chooses the forum, it is the plaintiff's burden to show that subject matter jurisdiction exists. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). On a Rule 12(b)(1) motion, the Court will dismiss the complaint if it does not allege facts upon which subject matter jurisdiction can be based. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When there is a facial challenge to subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). As such, complaints filed by *pro se* plaintiffs are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. Anti-Injunction Act

The IRS asserts that the Court lacks subject matter jurisdiction because the Anti-Injunction Act generally deprives federal courts of jurisdiction to enjoin the United States from collecting taxes. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). So long as the Anti-Injunction Act applies, federal courts lack jurisdiction to issue injunctive relief. *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405-07 (4th Cir. 2003). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962); *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 584 (4th Cir. 1996).

The Anti-Injunction Act is not limited to the literal collection of taxes. "[I]t is clear that the Anti-Injunction Act extends beyond the mere assessment and collection of taxes to embrace other activities, such as an audit to determine tax liability, that may culminate in the assessment or collection of taxes." *Judicial Watch, Inc.*, 317 F.3d at 405. O'Hara's claims, which include seeking to require the IRS to remove tax liens and database entries listing the tax owed and to enjoin the IRS from engaging in activities that arguably would pressure him to pay taxes, all fall within the purview of the Anti-Injunction Act. Moreover, O'Hara's claim that the IRS's activities violate the Constitution does not preclude application of the Anti-Injunction Act. *See Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758-59 (1974) (holding that "the constitutional nature of a taxpayer's claim, as distinct from its probability of success, is of no consequence under the Anti-Injunction Act").

There are two exceptions to the Anti-Injunction Act. First, claims for injunctive relief may proceed if "under no circumstances could the Government ultimately prevail" and "equity jurisdiction otherwise exists." *Id.* Second, claims may proceed if "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." *South Carolina v. Regan*, 465 U.S. 367, 373 (1984).

O'Hara cannot prevail under the first exception. In support of his argument that the United States could "under no circumstances" prevail in a challenge to O'Hara's tax liability, O'Hara points to a "favorable Tax Court Determination" pursuant to 26 U.S.C. § 6330(c)(2)(B) (ensuring the right to a hearing before the Secretary of the Treasury issues a levy at which the tax liability may be challenged). Pet. Writ. Mandamus 2. The § 6330 Notice of Determination, dated January 12, 2005, states that "[a]t this time the Notice of Intent to Levy is not sustained because of procedural requirements that must be addressed." Notice of Determination, Ex. A,

ECF No. 1-1. Aside from the fact that O'Hara did not attach the statement that accompanied this Notice, which "shows, in detail, the matters we considered at your Appeals hearing and our conclusions about them," the Notice applies to the tax period ending in December 2000. *Id.* As a different attachment in O'Hara's Petition reveals, however, the IRS is currently seeking to collect taxes owed for the periods ending on December 31, 2006, December 31, 2007, and December 31, 2009. *See* Notice of Levy, Ex. G., ECF No. 1-7. O'Hara has therefore not demonstrated that the United States could not prevail on its tax claim.

Nor can O'Hara prevail under the second exception. O'Hara has several alternatives to challenge the validity of his tax liability. First, he can request a hearing pursuant to 26 U.S.C. § 6330, just as he did for his liability in the tax period that ended in December 2000. He may also claim a refund after paying the tax. *See* 26 U.S.C. § 7422; 28 U.S.C. § 1346(a)(1). Because the Anti-Injunction Act applies to O'Hara's claims, the Motion to Dismiss will be granted.[2]

**III. Declaratory Judgment Act**

Finally, to the extent O'Hara seeks declaratory relief, the Declaratory Judgment Act specifically states that it does not apply "with respect to Federal taxes." 28 U.S.C. § 2201. This exemption "is at least as broad as the Anti-Injunction Act." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974) ("The congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments"). Such a claim therefore must be dismissed.

---

[2] Neither the specific provisions of the Internal Revenue Code nor the federal criminal statutes cited by O'Hara provide a basis to overcome the Anti-Injunction Act or otherwise to provide a basis for federal court jurisdiction over O'Hara's claims.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion to Dismiss, ECF No. 2, is GRANTED, and the IRS is DISMISSED from this case.
2. The Motion for Summary Judgment, ECF No. 5, is DENIED AS MOOT as to the IRS.
3. Because the Comptroller of Maryland has yet to be served, the Motion for Summary Judgment, ECF No. 5, is DENIED WITHOUT PREJUDICE as to the Comptroller.
4. The Clerk shall ISSUE to O'Hara the summonses relating to the Comptroller of Maryland. O'Hara is required to serve the Comptroller of Maryland within **21 days**. Failure to effect service may result in dismissal of the case.

Date: November 2, 2015

THEODORE D. CHUANG
United States District Judge