## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

DENNIS M. O'HARA,

      Petitioner,

      v.

COMPTROLLER OF MARYLAND,

      Respondent.

Civil Action No. TDC-14-4044

## MEMORANDUM ORDER

On November 3, 2015, the Court issued a Memorandum Order dismissing the Commissioner of the Internal Revenue Service ("the Commissioner") from this case and directing Petitioner Dennis M. O'Hara, who is self-represented, to effect service on Respondent Comptroller of Maryland ("the Comptroller"). Presently pending before the Court is O'Hara's Rule 52(b) Motion to Alter or Amend the Judgment in favor of the Commissioner, the Comptroller's Motion to Dismiss, and O'Hara's Motion for Summary Judgment against the Comptroller. The Motions are ready for disposition, and a hearing is not necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, O'Hara's Rule 52(b) Motion to Alter or Amend Judgment is DENIED, the Comptroller's Motion to Dismiss is GRANTED, and O'Hara's Motion for Summary Judgment is DENIED AS MOOT.

## BACKGROUND

On November 3, 2015, the Court issued a Memorandum Order granting the Commissioner's Motion to Dismiss O'Hara's Petition for a Writ of Mandamus. *See O'Hara v. Comm'r*, No. TDC-14-4044, 2015 WL 6739154 (D. Md. Nov. 2, 2015). The facts and

procedural history of this case are set forth in that Order, which is incorporated herein by reference. *See id.* Additional facts are referenced below as they relate to the analysis of the specific Motions.

## DISCUSSION

**I.      O'Hara's Rule 52(b) Motion to Alter or Amend Judgment**

O'Hara has filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 52(b), which states in relevant part, "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b).  However, Rule 52 applies "[i]n an action tried on the facts without a jury or with an advisory jury." *See* Fed. R. Civ. P. 52(a)(1); *St. Paul Mercury Ins. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.1997) (finding that Rule 52(b) "contemplates an underlying trial"); *Orem v. Rephann*, 523 F.3d 442, 451 n.2 (4th Cir. 2008) (Shedd, J., concurring) ("Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding").  The Court's dismissal of the claims against the Commissioner was based on a lack of subject matter jurisdiction, not on any findings of fact after trial.  Because Rule 52(b) is inapplicable, O'Hara's Rule 52(b) Motion to Alter or Amend Judgment is denied on that basis alone.

Nevertheless, some courts have found that inappropriate Rule 52(b) motions may be construed as motions to alter or amend a judgment pursuant to Rule 59(e). *See, e.g., St. Paul Mercury Ins.*, 123 F.3d at 339.  Under Rule 59(e), a party may seek to alter or amend a judgment (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005).  Even if the Court construes O'Hara's Motion

2

under Rule 59(e), none of the reasons for which a court may alter or amend its judgment apply here. O'Hara identifies no intervening change in controlling law or newly discovered evidence. A review of the 11 objections to the Court's analysis raised by O'Hara in his Motion reveals that he has not established any clear error of law or manifest injustice in the Court's prior Order. Having failed to identify any reason for the Court to revisit its previous decision, O'Hara's Motion to Alter or Amend Judgment, whether pursuant to Rule 52(b) or Rule 59(e), is denied.

## II.     The Comptroller's Motion to Dismiss

O'Hara seeks an order requiring the Comptroller to release all state tax liens against him, remove all database entries relating to his alleged tax liability, and cease from informing other state agencies that he has an uncontested tax liability. The Comptroller moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), on the basis that pursuant to the Eleventh Amendment to the United States Constitution and the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341 (2012), this Court lacks subject matter jurisdiction over O'Hara's Petition.

The TIA states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id.* The TIA's bar is jurisdictional and "reflects the importance of the taxing power to the operation of state governments as well as the desire of the Congress to restrain federal courts from unduly interfering with state revenue collection." *Collins Holding Corp. v. Jasper Cty.*, 123 F.3d 797, 799 & n.1 (4th Cir. 1997). As the language of the statute suggests, the TIA provides for an exception when state courts do not provide a plain, speedy, and efficient remedy for disputes relating to state tax assessments. *Strescon Indus., Inc. v. Cohen*, 664 F.2d 929, 931 (1981). Nevertheless, so long as "a taxpayer is offered a fair opportunity to

present his claims in the State courts, § 1341 insulates the States from Federal court interference." *Id.*

The exception to the TIA's general jurisdictional bar does not apply in this case because O'Hara is offered a fair opportunity to present his claims in Maryland courts. Within 30 days of a notice of tax assessment, a taxpayer may submit an application for revision or a claim for refund with the Comptroller. Md. Code Ann., Tax—Gen. § 13-508 (LexisNexis 2010). The taxpayer may appeal the Comptroller's final determination to the Maryland Tax Court, *id.* § 13-510, and the Tax Court's final order to the appropriate Maryland Circuit Court, *id.* § 13-532(a). As with all parties "aggrieved by a final judgment of a circuit court," the taxpayer may appeal a decision by the Circuit Court to the Court of Special Appeals of Maryland. Md. Code Ann., State Gov't § 10-223(b) (LexisNexis 2014). The taxpayer may then file a petition for certiorari with the Court of Appeals of Maryland, Md. Code Ann., Cts. & Jud. Proc. § 12-201 (LexisNexis 2013), and, following review by the Court of Appeals, a petition for a writ of certiorari with the United States Supreme Court, 28 U.S.C. § 1257(a) (2012); S. Ct. R. 10–16.

The United States Court of Appeals for the Fourth Circuit and district courts have consistently found that the above-described process for challenging a tax assessment is "plain, speedy, and efficient" under the TIA. *See Strescon Indus., Inc.*, 664 F.2d at 932; *Kuypers v. Comptroller of the Treasury*, 173 F. Supp. 2d 393, 397 (D. Md. 2001); *Groff v. Maryland*, 639 F. Supp. 568, 574–78 (D. Md. 1986); *see also Brittingham 62, LLC v. Somerset Cty. Sanitary Dist., Inc.*, No. GLR 12-3104, 2013 WL 398098, at *5–6 (D. Md. Jan. 31, 2013). As the Fourth Circuit has observed, Maryland's procedures are plain, speedy, and efficient because they have "established administrative mechanisms for the review of assessments and the consideration of refund claims" and "guarantee[] taxpayers the right to appeal adverse administrative

4

determinations to a court of record" that can resolve constitutional claims. *Strescon Indus., Inc.*, 644 F.2d at 932.

To the extent that O'Hara has other claims against the Comptroller not barred by the TIA, they are barred by the Eleventh Amendment, which grants to states immunity from "suits brought in federal court by her own citizens as well as by citizens of another State." *See TFWS, Inc. v. Schaefer*, 242 F.3d 198, 204 (4th Cir. 2001). There is no indication that Maryland has waived its Eleventh Amendment immunity in this context or that Congress has abrogated it. On the contrary, the Maryland Code prohibits suits brought to interfere with the statutory process for the assessment or collection of a state tax. Md. Code Ann., Tax—Gen. § 13-505 ("A court may not issue an injunction, writ of mandamus, or other process against the State or any officer or employee of the State to enjoin or prevent the assessment or collection of a tax under this article.").[1] Thus, all claims are dismissed for lack of subject matter jurisdiction.

### III.   O'Hara's Motion for Summary Judgment

Because the Petition is dismissed for lack of subject matter jurisdiction, O'Hara's Motion for Summary Judgment must therefore be denied as moot.

---

[1] The exception to the Eleventh Amendment under *Ex parte Young*, 209 U.S. 123 (1908), which is available "to a plaintiff who seeks prospective declaratory and injunctive relief against a state official for an ongoing violation of federal law," *TFWS, Inc.*, 242 F.3d at 204, does not prevent dismissal of O'Hara's claims. The only federal claim against the Comptroller arguably contained in the Petition is an alleged violation of due process. Any deprivation of property or rights alleged by O'Hara, however, necessarily derives from the state's final determination that he has an unpaid tax liability, a determination that was reached only after O'Hara had been afforded access to the same system for challenging tax assessments that, as discussed above, provides for a "full and fair opportunity," including administrative and judicial review, to contest the finding. *See Strescon Indus., Inc.*, 644 F.2d at 932. Thus, any due process claim not barred by the Eleventh Amendment is dismissed for failure to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.  O'Hara's Rule 52(b) Motion to Alter or Amend Judgment, ECF No. 14, is DENIED.

2.  The Comptroller's Motion to Dismiss, ECF No. 12, is GRANTED.

3.  O'Hara's Motion for Summary Judgment, ECF No. 18, is DENIED AS MOOT.

4.  The Petition, ECF No. 1, is DISMISSED.

5.  The Clerk is directed to close the case and mail a copy of this Order to O'Hara.


Date:  May 12, 2016

THEODORE D. CHUANG
United States District Judge